IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES ANTHONY DAVIS,

                Plaintiff,

  v.

BRIAN PILLER,

                Defendant.

OPINION & ORDER

14-cv-687-jdp

---

Plaintiff James Anthony Davis brings due process and Eighth Amendment claims that defendant Correctional Officer Brian Piller fabricated a story about plaintiff overdosing on medication, leading him to be hospitalized unnecessarily. Currently before the court are plaintiff's motions for appointment of counsel, Dkt. 18, and to remove defendant's counsel, Dkt. 23. I will deny both motions.

Regarding plaintiff's motion to appoint counsel, I do not have the authority to appoint counsel to represent a pro se plaintiff in this type of a case; I can only recruit counsel who may be willing to serve voluntarily in that capacity.

To show that it is appropriate for the court to recruit counsel, plaintiff must first show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). To meet this threshold requirement, this court generally requires plaintiffs to submit correspondence from at least three attorneys to whom they have written and who have refused to take the case. Plaintiff has submitted several such letters, so I conclude that he has satisfied this requirement.

Second, this court will seek to recruit counsel for a pro se litigant only when the litigant demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff argues that this case involves complex issues, his imprisonment will hamper his ability to litigate the action, and that a lawyer would be better able to present evidence and cross-examine witnesses at trial. Plaintiff has also submitted a supplement to his motion that includes a "Treatment Learning Plan" from the Wisconsin Department of Health Services that indicates he suffers from mental illnesses, including "Unspecified Schizophrenia Spectrum And Other Psychotic Disorder," "Unspecified Depressive Disorder," and "Other Specified Personality Disorder (Antisocial and Borderline Features)." Dkt. 25-1.

I am not convinced that recruitment of counsel is appropriate at this time. Some of the challenges plaintiff raises are common to all pro se prisoners and do not in themselves call for recruitment of counsel. Plaintiff's concern that his own efforts would be limited because of his imprisonment is no longer an issue, because he has recently been released from prison. *See* Dkt. 26. As for his mental illnesses, plaintiff does not explain how they will hamper his litigation efforts, and it is not clear from his filings in this case that the case is too complex for him to litigate. It seems likely that the case will come down to facts about whether plaintiff actually attempted to overdose on medication and defendant's decision to call for medical help. Plaintiff should be able to present his version of events in an effort to show that defendant fabricated the overdose story. I will deny plaintiff's motion without prejudice to him renewing it later in the case if it becomes clear that the case is too complex for him to litigate.

Plaintiff has also filed a motion to "strike" the Wisconsin Department of Justice as counsel of record for defendant, arguing that because defendant is no longer employed by the state, he should be forced to retain counsel at his own expense. Dkt. 23. I will deny plaintiff's motion because this is not a proper reason for plaintiff to seek disqualification of defendant's counsel. *See Schneider v. Cty. of Will*, 123 F. App'x 715, 716-17 (7th Cir. 2005) (plaintiffs "d[id] not have standing to disqualify" opposing counsel where they failed to show that counsel's "representation . . . harmed them in any way."). Plaintiff's complaint involves actions that defendant is alleged to have taken while employed by the state Department of Corrections, so his representation by the Department of Justice appears to be appropriate.

ORDER

IT IS ORDERED that:

1. Plaintiff James Anthony Davis's motion for appointment of counsel, Dkt. 18, is DENIED without prejudice.
2. Plaintiff's motion to remove defendant's counsel, Dkt. 23, is DENIED.

Entered February 10, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge